

08CV 3465
JUDGE DOW
MAGISTRATE JUDGE SCHENKIER

RECEIVED

JUN 1 6 2008
Jun 16, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS CUNNINGHAM | ) | WRIT OF HABEAS CORPUS |
| | ) | ad Subjiciendum |
| Vs | ) | CASE NO: |
| | ) | |
| ERIC WILSON | ) | |

TO THE WARDEN OF METROPOLITAN CORRECTIONAL CENTER at CHICAGO, Illinois

I Jurisdiction

1) Petitioner satisfies all prerequisites for invoking Habeas Corpus jurisdiction where he is "In Custody" within the meaning of 28 U.S.C. 2241(c)(3).

2) Adjunct Jurisdiction is under All Writs Act 28 U.S.C. 1651.

II VENUE

3) Venue is Proper 28 U.S.C 1359

III STATEMENT OF FACTS

1) Petitioner's Confinement Violates the Constitution, Law's, and Treaties of the United States. Relief for violations of Federal Law Will be granted only if the violation rises to the level of "Fundamental Defect which inherently results in a complete miscarriage of Justice or is inconsistent with rudimentary demands of fair procedure.

2) On September 14 petitioner was arrested for bank robbery in violation of Title 18 U.S.C 2113(a). Petitioner was detained at Kankakee County Detention Center KCDC.

1

3) At KCDC Petitioner was forced to Pull his own teeth after Dental and Medical staff refused any and all of his emergency medical request.

4) Petitioner contracted (MRSA) A Highly contagious and Fatal disease forcing Petitioner to Drain the wounds on his body. Normally you MUST HAVE a local anesthetic before Draining a wound this is a Specific doctors Procedure. I had to stab myself with a box staple to drain the Fluid.

5) Petitioner suffered extreme mutilation, permanent disfigurement, while Kankakee County Detention Center Failed to monitor and control the spread through the petitioners Body. (see Civil Case # 08-CV-2123 Cunningham v. Kankakee County Detention Center et al.

6) Petitioner Motioned the court for emergency medical treatment on 1/17/2008. Petitioner was granted relief by a court order for immediate medical treatment on 1/22/2008. Petitioner was not transported by the United States Marshalls Service until 2/4/2008. Petitioner was ravaged with (MRSA) on arrival at Metropolitan Correctional Center.

7) While at MCC Petitioner was placed on a sentenced floor as a PRETRIAL DETAINEE where he was attacked by a violent sentenced 1 Prisoner without any proper classification. Prisoner threw hot scalding soup in Petitioners face resulting in 1st degree burns to hi eye and head. Petitioner did not receive medication for 3 days. Prisoner admitted to the attack without provocation. (see Lt Investigation Inmate Hernandez).

8) While placed on administrative segregation Petitioner was Brutally Assaulted By Correctional officer D.DePaul by being violently pulled and beaten into and through a Cuff Point. The attack went on for some time before being stoped by a Staff counsler Mr Wright. This resulted in immediate medical treatment. This was captured on Video Tape and witnessed by 4 other people. (see affidavits).

9) On 4/17/2008 Petitioner appeared in district court and described these events to the Court, Petitioner was advised to seek civil remedies.(see transcripts CASE NO: 07CR605)

10) Petitioner attempted administrative remedies without any response. (see bp8 copy).

11) Petitioner remained in Solitary confinement without any Charges. Petitioner was denied Due Process. Petitioner filed a Sensitive complaint through the Department Of Justice without any response. Petitioner Filed a Criminal Civil Rights Violation under 18 U.S.C 242. Petitioner was interviewed on about May 3/2008 by MCC internal investigation for Staff Abuse case on Petitioner a Pretrial Detainee.

12) Petitioner has attempted through a court order to obtain documents and video for Redress, Petitioner has initiated Freedom of Information on the B.O.P the Department of Justice Metropolitan Correctional Center without any result. Petitioner out of Necessity Filed this 2241 in Desperate need for a Remedy.

## IV INJURIES

13) The level of Physical, Mental, and Social Damage is beyond HUMAN understanding, This is a Personal "SHOCK TO THE CONSCIENCE". The level of Punishment and Abuse has reached Malum In se.

Due Process requires that statutes imposing pretrial detention serve a compelling government interest and NOT impose Punishment before the adjudication of Guilt. Government action that deprives an individual of life, Liberty, or Property must be implemented in a fair manner. Challenges brought by Pretrial Detainees on due Process grounds are properly reviewed under the Due Process clause of the Fourteenth Amendment, and not under crule and unusual punishment Clause of the Eighth Amendment.

It is well settled that Mistreatment of Detainees Violates Due Process. The Due process Clause prohibits punishment of pretrial Detainees and PROTECTS THEM From excessive force that amounts to Punishment. **Valencia v. Wiggins**, 981 F2d 1440,1447 (5th Cir. 1993) ( Due process violated by jail official's striking handcuffed ,kneeling and unresisting detainee and using force that rendered Detainee unconscious). see **HC v Jarrard** 786 F2d 1080,1085,86 (Due process violated because Detainee in Pretrial detention was physically abused, denied medical treatment and placed in isolation). To determine whether a particular restriction imposed on a pretrial detainee comports with Due Process a COURT MUST determine whether the restriction is for the purpose of punishment or is otherwise reasonably related to a legitimate and NON PUNITIVE GOVERNMENTAL PURPOSE.

Therefore Petitioner Moves this honorable Court for immediate Release From Custody Under the Power of this extraordinary Remedy.
This Petition for Writ of habeas corpus cannot serve any relief beyond Discharge from Custody in The Interest of Justice.

SIGN [signature]   DATE June 12 2008



**Other Events**

2:08-cv-02123-MPM-DGB Cunningham v. Kankakee County Detention Center et al

17, PRISONER, PROSE, REFER

## U.S. District Court

## CENTRAL DISTRICT OF ILLINOIS

**Notice of Electronic Filing**

The following transaction was entered on 6/5/2008 at 11:17 AM CDT and filed on 6/5/2008
**Case Name:** Cunningham v. Kankakee County Detention Center et al
**Case Number:** 2:08-cv-2123
**Filer:**
**Document Number:** 17

**Docket Text:**
**WRIT issued for Merit Review Hearing via telephone at 10:00 6/30/08 before Chief Judge Michael P. McCuskey. (original writ mailed to Metropolitan CC/a copy of writ is faxed to Metropolitan CC/copy mailed to plaintiff by Clerk) (VB, ilcd)**

2:08-cv-2123 Notice has been electronically mailed to:

2:08-cv-2123 Notice has been delivered by other means to:

Thomas Cunningham
01293-424
Metropolitan - MCC
71 West Van Buren Street
Chicago, IL 60605

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=6/5/2008] [FileNumber=737168-0]
[5a3bfbbbaf175f1d939176c3e69336a2c5d335dd62185d9972a5ade1d8955004b758e
d20c2cbab239c77e63f032a2d8bc893d9bdd5a1c06d7f184c8da665ab01]]

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 605 |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| THOMAS CUNNINGHAM | ) | |

**DEFENDANT THOMAS CUNNINGHAM'S MOTION FOR**
**IMMEDIATE MEDICAL TREATMENT**

Defendant THOMAS CUNNINGHAM, by the Federal Defender Program and its attorney, CHRISTINA FARLEY JACKSON, submit the following motion requesting that he be transferred to the Metropolitan Correctional Center and receive immediate medical treatment. It is urgent that Mr. Cunningham receive treatment from both a dentist and a doctor. In support of this motion, he states the following:

1. An initial appearance was held in this case on September 15, 2007. Mr. Cunningham waived his preliminary examination and detention hearing on September 18, 2007. Mr. Cunningham appeared for an arraignment and plea on October 16, 2007 and entered a plea of not guilty at that time.

2. Since his initial appearance, Mr. Cunningham has been incarcerated in Kankakee at the old facility.

3. While at the old facility in Kankakee, he has not received necessary medical treatment from either a dentist or a doctor.

4. Mr. Cunningham made continual requests to see a dentist during the month of October 2007. He was told that it would take 8 weeks for him to receive an appointment with a dentist. He was experiencing such pain in his tooth that he believed that he had an abscess. He

again filled out request forms to see a dentist, which were never granted. In each request, he stressed the fact that he believed there was an infection in his jaw. On November 1, 2007, Mr. Cunningham submitted an emergency request to see a dentist due to the abscess in his tooth and the fact that his was swollen at that point because of the lack of treatment. All of his requests were ignored and he never saw a dentist. Mr. Cunningham ultimately resorted to pulling his own tooth - without any medication - to stop the pain, swelling, and hopefully prevent the infection from spreading further.

5. Immediately following the extraction that Mr. Cunningham was forced to perform himself, he put in a medical slip informing authorities of what he had done. He submitted additional requests throughout the week requesting antibiotics, pain medication, and still requesting to see the dentist because he believed that there was still a piece of his tooth remaining. His requests were not granted and Mr. Cunningham was never taken to see a dentist.

6. Currently, Mr. Cunningham is suffering from significant hearing loss in his left ear, which he justifiably believes is related to the abscess in his tooth, the fact that he has not received necessary treatment for this infection and was forced to perform an extraction on his own, and any tooth particles that may still be present. Additionally, there is swelling on the right side of his face under his eye due to what he believes is another abscess in one of his teeth. Again, he has submitted numerous requests to see a dentist and still has not seen one to date.

7. In addition to suffering from hearing loss, Mr. Cunningham has contracted MRSA, a highly contagious infection. See Attachment A. Around November 17, 2007, Mr. Cunningham noticed that his skin had started to break out. He put in requests to see a doctor or a nurse for the problems that he was having with his skin. He did not see a doctor or a nurse, but rather was told by staff members that he had bug bites. One staff member informed later that he had to go to the

nurse immediately because they were in fact not bug bites. After seeing the nurse, he was given medication and quarantined, on approximately November 19, 2007. He was informed that he had MRSA, a highly contagious infection. An officer on staff at the jail was required to drain the pus that had accumulated on the sores on his right arm. He was given medication to insert into his nostrils and was given a potent gel to wash his entire body with. He experienced side effects, such as vomiting, from the medication. No blood work was ever taken, he was never asked whether he was allergic to any medication, and was told that other inmates in the jail had MRSA. Mr. Cunningham never saw a doctor and was never medically cleared for release from quarantine. In spite of this, he was released on approximately November 27, 2007.

8. At this time, Mr. Cunningham is exhibiting symptoms of what appear to once more be MRSA. He has made repeated requests to see a doctor, but his requests have gone unanswered and he has still not seen a doctor. Currently, there is pus appearing on the sores on his body, he has not been quarantined, and is not receiving treatment for this infection. He has had to drain pus from the sores himself on one of his arms using a staple.

9. As the health of Mr. Cunningham has been sincerely compromised since he has been incarcerated at the Kankakee facility, the undersigned counsel urgently requests that Mr. Cunningham be transferred to the Metropolitan Correctional Center and that he immediately receive necessary medical treatment from both a doctor and a dentist.

Order Form (01/2005)  Case 1:07-cr-00605  Document 15  Filed 01/22/2008  Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 605 | **DATE** | 1/22/2008 |
| **CASE TITLE** | United States of America vs. Thomas Cunningham | | |

**DOCKET ENTRY TEXT**

Defendant Thomas Cunningham's Motion for Immediate Medical Treatment is granted, subject to review.

Docketing to mail notices.

00:05

| | Courtroom Deputy Initials: | WAP |
|---|---|---|

07CR605 United States of America vs. Thomas Cunningham

INCIDENT REPORT   CDFRM

DEPARTMENT OF JUSTICE   FEDERAL BUREAU OF PRISONS

## Part I - Incident Report

| 1. Institution: | MCC CHICAGO, ILLINOIS | | |
|---|---|---|---|
| 2. Inmate's Name HERNANDEZ, JUAN | 3. Register Number 19531-424 | 4. Date of Incident 03/27/2008 | 5. Time 7:35 pm |
| 6. Place of Incident UNIT "H" SECTION 2 | 7. Assignment UNASSG | 8. Unit "H" | |
| 9. Incident FIGHTING | | 10. Prohibited Act Code(s) 201 | |

11. Description Of Incident (Date: 03/28/2008  Time: 11:30 am  Staff became aware of incident)
On Friday, March 28, 2008, at approx. 11:30 am, an investigation of fighting was conducted between inmates Cunningham #01293-424 and Hernandez, Juan #19531-424. While interviewing inmate Hernandez, inmate Hernandez did in fact admit to being involved in a physical altercation with inmate Cunningham. Inmate Hernandez admitted to throwing a bowl of hot rice/soup onto inmate Cunningham during a verbal altercation between the two inmates prior to inmate Cunningham striking Hernandez.

| 12. Typed Name/Signature of Reporting Employee B. Conrad, Lieutenant / [signature] | 13. Date And Time 3/28/2008 12:00 pm | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) [signature] | 15. Date Incident Report Delivered 3-28-08 | 16. Time Incident Report Delivered 2:00 PM |

## Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident

_____
_____
_____
_____

18. A. It is the finding of the committee that you:
____ Committed the Prohibited Act as charged.
____ Did not Commit a Prohibited Act.
____ Committed Prohibited Act Code(s) _____

B. ____ The Committee is referring the Charge(s) to the DHO for further Hearing.
C. ____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:
_____
_____
_____

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)
_____
_____

21. Date And Time Of Action _____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

Chairman (Typed Name/Signature)   Member (Typed Name)   Member (Typed Name)

Original - Central File Record; Yellow - DHO; Blue - Inmate After UDC Action; Pink - Inmate within 24 Hours Of Part I Preparation

(This Form May Be Replicated Via WP)   Replaces BP-S288.052 Of MAY 94

BP-A362.060  **INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical)** CDFRM
SEP 05
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| MCC/Chicago | Cunningham, Thomas | 01293-424 |
| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
| Unassigned | U-23 | 3/27/08  9:40 |
| 7. Where did Injury Happen (Be specific as to location) | Work Related? | 8. Date & Time Reported for Treatment |
| U-23 Section 2 | b. Yes  ☒ No | 3/27/08  21:30 |

9. Subjective. A) Cause of Injury (Inmate's Statement of how injury occurred): I was coming back from the microwave, another Inmate from 1st Section came to my section, he threw hot soup in my face, I punched him after, we went to the ground

B) Symptoms (as reported by inmate): [see above]

Signature of Patient [signed]

10. Objective: (Observations or Findings from Examination:)   X-Rays Taken ___   Not Indicated ___
   X-Ray Results
(L) eye area around (L) ear area redness (1st degree burn), (L) eye conj. irrit. redness around (R) arm superficial cut, (R) little finger tender, edema, tenderness + (R) 2nd phalanx flexion

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data)
(1) ear + eye area 1st degree burn (2) eye conjunctivitis (3) (R) arm superficial cut, (R) little finger R/O Fx

12. Plan: (Diagnostic Procedures with Result, Treatment and Recommended Followup)
Called Dr. Harvey, informed him, splint to (R) little finger, Artificial Tears 2 drops 3 times to (L) eye x 10 days, Tylenol 500 mg 1tab po TID x 7 days, f/u

a. No Medical Attention (Check applicable)
☐ a. No Medical Attention
☐ b. Minor First Aid
☐ c. Hospitalization
☒ d. Other (Explain)  See 12 above

e. Pain assessment: (Optional)
Mild    Moderate    Severe
1--2--3--4--5--6--7--8--9--10

Signature of Physician or Physician Assistant [signed]
A. ISKANDAR, M.L.P.
Mid-Level Practitioner
MCC - Chicago

Original- Medical File; Canary - Safety; Pink - Supervisor; Goldenrod - Correctional Supervisor
(This form may be replicated via WP)                    Replaces BP-S162.060 of FEB 05

Cell 201-11-24
Scott Njos #30162-424

On 4-9-08 I was finishing up a legal call from canceler Wright, I got done and he come to get the phone and left, while leaving c/o DePaul was at cell 201-11-27 hollering at the top of his longs at Inmate Cuninham, Counseler Wright was standing off to the side. All of a sudden c/o DePaul started jerking and bending Inmate Cuninham arm he let it go and started hollering again, Inmate Cuninham said you can't do that and DePaul did it again jerking his arm and bending it, he let go and said put your fucking Arm in, and jerked Inmate Cuninham so hard that he made a noise and then something happened and it was all over, I think a Loutnet or counseler told him to stop but I'm not sure who.

I Swear Under Penalty of Pergery

Scott NJOS  4-17-08

Declaration of Penalty of Perjury

On the above date 4-9-08 around 4:30 I was standing in my Door way, saw the officer passing out Dinner, officer De paul, he told mr. Cunningham to put his arm back in the Door, mr Cunningha ask to see a LT. Couse he was being Denied acess to the Court as a pertrail Detanee, then the officer De paul come and took his arm in tryed to brake it, couse of his Conduct, he was out of line, he trid to ~~shote~~ shote the door on his arm very heard, look at the tape it should showe everythig I'm saying it catch everything els, thay move this officer from down here, so it showed he did somethig wrong, couse thay had to take mr. Cunningham to see the Doctor about his arm, he recieve some madicine, Rights of access to Court reques that prison officials provide indigent inmates with access to a reasonally adequate law library for paeparation of legal actions, infliction of Pain are thes that are totally with out penological justfication

Tyris Smith #B-73300

On April 9, 2008 at around 3:30 p.m. I was in the Day Room try'n to show Mr. Cunningham was in the chair. He appeared to just be resting...

...this statement and I [illegible] under [illegible] and I'll say [illegible] this statement.

[signature]

Counselor Wright witnessed incident
[illegible]

**NOTICE TO INMATE:** You are advised that prior to receiving and filing a request for Administrative Remedy Form BP-9, you must attempt to informally resolve your complaint through your Correctional Counselor. Briefly state complaint below and list what Efforts you have made to resolve your complaint informally. Also, please state names of Staff contacted.

Date Informal Resolution form issued by Correctional Counselor: April 11, 2008

Inmates' Name: Cunningham  Number: 01293-424  Quarters: SEG

1. Complaint: Officer Dpaul on 4-9 grabed my arm in response to my request for Law Library causing injury to my left arm (see medical).

2. Efforts made to informally resolve: Sent request for BP-8 and no response. Told DHO officer no help.

3. Names of staff contacted: J. Salowerk

Date returned to Correction Counselor: 4-11-2008

Inmates' signature and number

**CORRECTIONAL COUNSELOR COMMENTS:**

1. Efforts made to informally resolve: _____

2. Names of staff contacted: _____

Date informally resolved: _____  Signature: _____
OR                                   Correctional Counselor
Date BP-9 issued: _____

Distribution: I. If complaint is informally resolved, forward original to AW(O)
(Attent) AW(O) Secretary) and copy to Warden.

II. If complaint is NOT informally resolved, forward original to attached BP_9 form to AW(O) (Attention: AW(O) secretary).

For use by Department Head if BP-9 Response Drafted: _____  _____
                                                      Code    Code

ADMINISTRATIVE DETENTION ORDER  
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

MCC CHICAGO, ILLINOIS
institution

Date/Time: __4-24-08/3:00pm__

TO      : Special Housing Unit Officer

FROM    : W. FINLEY JR, LIEUTENANT _____, (Name/Title)

SUBJECT : Placement of Cunningham, Reg. No. 01293-424, in Administrative Detention

_____ (a) Is pending a hearing for a violation of Bureau regulations;

_____ (b) Is pending investigation of a violation of Bureau regulations;

_____ (c) Is pending investigation or trial for a criminal act;

_____ (d) Is to be admitted to Administrative Detention

   _____ (1) Since the inmate has requested admission for protection;

   I hereby request placement in Administrative Detention for my own protection.

   Inmate Signature/Register No.: _____

   Staff Witness Printed Name Signature: _____

   _____ (2) Since a serious threat exists to individual's safety as perceived by staff, although person has not requested admission; referral of the necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.

 XXXX  (f) pending investigation by the SIS department.

_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued presence in the general population poses a serious threat to life, property, self, staff, other inmates, or to the security or orderly running of the institution because*

YOU ARE BEING PLACED IN THE SPECIAL HOUSING UNIT PENDING AN INVESTIGATION BY SIS . _____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on (date / time) __4-24-08/4:00pm__

Staff Witness Signature/Printed Name J. Hanson, LT. Date 8-24-08  
*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy - Central File  
(This form may be replicated via WP)                                    Replaces BP-308(52) of JAN 88

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

THOMAS CUNNINGHAM

Vs

CORRECTIONAL OFFICER
D. Depaul
METROPOLITAN CORRECTIONAL CENTER
71 W Van Buren St
CHICAGO IL 60605

CRIMINAL COMPLAINT
CASE NUMBER:

I the undersigned complaint being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 9/2008, in Cook County, in the Northern District of illinois, Eastern Division, defendant DiD:

Deprive a Citizen Of the United States Of America his Constitutional Protected Rights under the color of Law. By Committing Bodily injury by assaulting Thomas Cunningham. Officer DePaul took My arm while I was in solitary confinement and pulled me violently through the Cuff Point, while requesting a Law Book. This Assault went on for several minutes while Counsler Wright attemted to stop the assault. This was also caught on Video tape and witnessed by 4 other people AT ABOUT 3:34 and 4:15 pm. This resulted in immediate Medical treatment and Has effected Evry aspect of My Social understanding by SHOCKING THE CONSCIENCE and punishing Me.

This is in Violation of TITLE 18 U.S.C.S 242.

I further state that This has been reported to the Office of the inspector General of the United State Department of Justice, and declared under penalty of perjury on April 15/2008 and entered into Docket record in Case# 07CR605. This Is supported by Affidavits in witness of this assault and by Making of this Complaint I swear Under Penalty Of Perjury That this is TRUE.

SIGNED

Name and Title of Judicial Officer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS CUNNINGHAM ) NO:07CR605
) JUDGE: HARRY D LEINENWEBER
Vs. )
)
UNITED STATES OF AMERICA )

**MOTION**

Now comes the Petitioner Thomas Cunningham Pro-se, under necessity and moves this honorable court pursuant to Rule 47 FEDERAL RULES OF CRIMINAL PROCEDURE for an order producing documents for copy and inspection to establish sanctions under U.S.C 18 3162 (a)(2) and 18 U.S.C 3164 for Governments Violation of THE SPEEDY TRIAL ACT 18 U.S.C 3161.

1) Copies of all ATTORNEY appearances on behalf of the Defendant and the Government filed and ordered in 07CR605.

2) A copy of the true INDICTMENT and all counts redacted.

3) A copy of the DESIGNATION sheet and a description of the numbered categories. (see) Docket entry sheet # 8.

4) A Transcript of 16.1 (A) Conference to be held on 10/23/2007.

5) Copies of all pretrial motions to be filed by 11/13/2007.

6) A copy of Any purposed plea agreement under consideration by the court to be entered into by the Defendant and the Government actually under advisement by the Court.

7) Copies of all pretrial motions or declarations filed by the Defendant.

8) An order demanding MCC to produce all signed intake classification forms all classification review's signed and participated as required with in 21 day's by Petitioner.

9) An order demanding MCC to produce all Medical and Dental records including x rays of the petitioner.

10) An order demanding MCC to produce all photo's of Petitioners injuries taken on about 03/27/2008 and 04/09/2008.

11) An order demanding MCC to produce 3 copies of Video Taped Footage of the staff assault on petitioner Thomas Cunningham, time frames from 3:30 pm until 4:30 pm on 04/09/2008.

Petitioner respects the court will provide this evidence in preparation for =is hearing in a timely matter.

SIGNED _____   DATED 5-15-2008