## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3465 | **DATE** | July 21, 2008 |
| **CASE TITLE** | Cunningham (#01293-424) v. Wilson | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to file *in forma pauperis* [3] is granted. The Court summarily dismisses the petition for a writ of habeas corpus pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. All other pending motions [5, 6, 7] are denied as moot.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

Petitioner Thomas Cunningham, currently a pretrial detainee at the Metropolitan Correctional Center, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241(c)(3). He alleges that while he was detained at the Kankakee County Detention Center, he was denied medical and dental care. Specifically, Petitioner alleges that on January 17, 2008, he filed a motion for emergency medical treatment, and that on January 22, 2008, he obtained a court order for immediate medical treatment. On February 4, 2008, the United States Marshals Service transported him to the MCC.

Petitioner further alleges the following: The MCC placed Petitioner on a sentenced floor, although he was a pretrial detainee. Another inmate attacked Petitioner without provocation, throwing scalding soup in his face. Petitioner suffered first-degree burns to his eye and head and did not receive medication for three days. While in administrative segregation, Correctional Officer D. DePaul brutally assaulted Petitioner. Petitioner has remained in solitary confinement without any charges. Petitioner seeks immediate release from custody.

It is well settled that a federal inmate's challenge to the fact or duration of a sentence of imprisonment must be brought in a § 2241 habeas action, while challenges to the conditions of his confinement must be brought in a *Bivens* action under 28 U.S.C. § 1331. See *Glaus v. Anderson*, 408 F.3d 382, 386-87 (2005). In the instant action, Petitioner challenges the conditions of his confinement, not the fact or duration of his sentence. Accordingly, Petitioner should have filed a *Bivens* action, not a § 2241 petition. This Court cannot convert Petitioner's habeas action to a civil action, see *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996), because of the many differences between habeas petitions and civil litigation brought by prisoners, including exhaustion, difference in filing fees, and screening for strikes. *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

  Moreover, to be eligible for habeas corpus relief under § 2241, that is, release from custody as Petitioner requests, a federal pretrial detainee first must exhaust other available remedies. See, *e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); *Riggins v. United States*, 199 U.S. 547, 550-51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). Petitioner therefore must proceed through trial and any other remedies that may be available to him before filing for federal habeas corpus relief.

  Accordingly, finding Petitioner indigent the Court grants his motion for leave to file *in forma pauperis*. After preliminary review, the Court summarily dismisses the petition for a writ of habeas corpus pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. If Petitioner wants to bring his claims in a *Bivens* action, he should use the forms required by Local Rule 81.1 of this Court.